IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Therl Taylor, | ) C/A No. 3:15-1138-RMG-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Charles Brooks; Jeanette McBride; Jane Does; John Does, | ) |
| | ) |
| | ) |
| Defendants. | ) |

The Plaintiff, Therl Taylor, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections. He alleges violations of his federal constitutional rights and asserts claims under South Carolina law.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S.

5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## Discussion

Plaintiff is serving concurrent sentences for murder (thirty-six years) and possession of a weapon during the commission of a violent crime (five years).[1] He filed an application for post-conviction relief (PCR), in which he was represented by Charles T. Brooks (Brooks). Plaintiff appears to allege that Defendant Brooks violated his constitutional rights, committed legal malpractice, and was negligent in representing him. Additionally, Plaintiff claims that Defendant Jeannette McBride, the Clerk of Court for Richland County, South Carolina, failed to file Plaintiff's lawsuits (concerning Brooks' alleged legal malpractice, civil conspiracy, outrage, and negligence as to the PCR action), returning them to Plaintiff because he failed to either pay the filing fee or submit the items necessary to determine if he could proceed in forma pauperis. Defendants Jane Does and

---

[1] In January of 1999, a Grand Jury in York County, South Carolina indicted Plaintiff for murder and possession of a weapon during the commission of a violent crime. Plaintiff's initial conviction was reversed by the South Carolina Supreme Court, which found that the trial court improperly instructed the jury on mutual combat and that the error was prejudicial. Upon retrial in January 2005, Plaintiff was found guilty of both charges. See Taylor v. Warden at Allendale, No. 2:13–cv–2213–RMG, 2014 WL 4721183 (D.S.C. Sept. 22, 2014).

John Does are unidentified persons who worked for Defendants Brooks and/or McBride. See Complaint, ECF No. 1 at 2, 14, 23. Plaintiff alleges claims under South Carolina law for legal malpractice, gross negligence, civil conspiracy, outrage, and negligence. Id. at 14-15. He appears to request injunctive, declaratory (against Defendant Brooks), and monetary relief. Id. at 27-28.

**Defendants Brooks, Jane Does, John Does**

Plaintiff's § 1983 claims against Defendants Brooks and the Jane Does and John Does who allegedly worked for or with Brooks are subject to summary dismissal because these Defendants have not acted under color of state law.[2] An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff also has not alleged any facts to show that Defendants Jane Does and John Does (who worked with or for Defendant Brooks) are state actors. See, e.g., McCormick v. Barnes, No. 2:14cv971–MHT, 2014 WL 5198341 at *2 (M.D.Ala. Oct. 14, 2014)(dismissing claim against private attorney's legal assistant because "neither an attorney nor his assistant act[ed] under color of state law during representation of an accused in criminal proceedings"); Goodyear v. Hornung, No. 07–cv–276–FtM–29SPC, 2007 WL 1362735 at *2 (M.D.Fla. May 7, 2007) (dismissing § 1983 claim because "[p]laintiff's privately retained defense

---

[2]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).

3

counsel and his paralegal are not state actors"). Additionally, claims for negligence are not cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Therefore, Defendants Brooks, Jane Does, and John Does are entitled to dismissal as to any § 1983 claims.

Plaintiff may also be attempting to assert a federal conspiracy claim. He claims that Brooks; Brooks' employees, subcontractors, and independent contractors; and opposing counsel and associates were involved in a civil conspiracy in which Plaintiff was wrongfully convicted. ECF No. 1 at 23. These claims should be dismissed because these Defendants are not state actors and because Plaintiff fails to state a claim for conspiracy. To establish a civil conspiracy under § 1983, a Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. Glassman v. Arlington County, VA, 628 F.3d 140 (2010)(citing Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)). A Plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Hinkle, 81 F.3d at 421. A Plaintiff's factual allegations must reasonably lead to the inference that the Defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422. Here, Plaintiff offers only conclusory allegations of an agreement or meeting of the minds by the Defendants (and persons not even named as defendants in this action). As his conclusory allegations are insufficient to state a claim for civil conspiracy, this claim is subject to summary dismissal as to these Defendants. See generally Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also

Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations of conspiracy between private attorney and state officer insufficient to support § 1983 claim).

### Defendants McBride, Jane Does, John Does

Plaintiff appears to allege that Defendant McBride refused to file his lawsuits because he did not pay the filing fee or file the necessary paperwork to determine if he could proceed in forma pauperis. He claims that he submitted the proper paperwork, but Defendant McBride and/or the Defendants Jane and John Does who worked for McBride failed to file his lawsuits. See ECF No. 1 at 3-7.[3]

County clerks of court, though elected by the voters of a county, are part of the State of South Carolina's unified judicial system. See S.C. Const. Article V, § 24; § 14–1–40, South Carolina Code of Laws (as amended); § 14–17–10, South Carolina Code of Laws (as amended). Based on cases such as Forrester v. White, 484 U.S. 219, 226–27 (1988), immunity derived from judicial immunity may extend to persons other than judges when performance of judicial acts or activities as official judicial aides are involved. This derivative immunity is sometimes called quasi-judicial immunity. See Abebe v. Propes, Civil Action No. 0:11–1215–MBS–PJG, 2011 WL 2581385, at *3 (D.S.C.

---

[3]Plaintiff also claims he received "an unjust order from Circuit Court Judge James Barber denying Plaint.'s Informa Pauperis Motion." ECF No. 1 at 4. Plaintiff has not named Judge Barber as a defendant, and a judge is generally entitled to absolute immunity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

June 3, 2011) (collecting cases), adopted, 2011 WL 2600593 (D.S.C. June 29, 2011). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir.1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir.1989)); see also Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir.1980) (collecting cases on immunity of court support personnel).

In the above-captioned case, Defendants McBride, Jane Does, and John Does have quasi-judicial immunity because Plaintiff's allegations concern whether these Defendants followed the rules of the court or acted pursuant to authority delegated by the court to the clerk of court (or clerk's office personnel) such that there is no reason for this Court to find that these Defendants are not entitled to quasi-judicial immunity. See Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007)(affirming district court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents); Martin v. Rush, No. 13–693, 2013 WL 2285948, at * 5 (D.S.C. May 23, 2013)(applying quasi-judicial immunity to clerk who allegedly failed to provide the plaintiff with a hearing transcript despite his request); Robinson v. McBride, No. 13–352, 2013 WL 2099491, at * 4 (D.S.C. 2013)(applying quasi-judicial immunity to clerk who allegedly failed to properly process the plaintiff's notice of appeal), adopted, 2013 WL 2099707 (D.S.C. May 14, 2013), aff'd, 540 F. App'x 212 (4th Cir. 2013); Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. 2012) (quasi-judicial immunity applied to Clerk who allegedly failed to deliver judge's writ of habeas corpus to the appropriate parties). Absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because

6

the action he took was in error, was done maliciously, or was in excess of his authority.*"* Stump v. Sparkman, 435 U.S. at 356–57; see also Pierson v. Ray, 386 U.S. 547 (1967), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  Hence, because absolute immunity is an immunity from suit, Mireles v. Waco, 502 U.S. at 11–12; Chu v. Griffith, 771 F.2d at 81, Defendants McBride and the Jane and John Does who work for her are entitled to summary dismissal of any claims for monetary damages.

These Defendants are also protected by quasi-judicial immunity to the extent that Plaintiff asserts claims for injunctive relief.  Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  As Plaintiff does not allege that either of these prerequisites for injunctive relief has been satisfied, any claim for injunctive relief against these Defendants is also subject to summary dismissal.  See generally Robinson v. South Carolina, No. 4:13-cv-01733-RBH, at *3, 2013 WL 4505419 (D.S.C. Aug. 22, 2013); see also Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official); Gilmore v. Bostic, 636 F.Supp.2d 496, 506 (S.D.W.Va. 2009) (collecting cases).

Additionally, as an elected state official, Defendant McBride (in her official capacity) is immune from suit under the Eleventh Amendment, which "divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, its integral parts, or a state official acting in his or her official capacity."  Muqit v. Kitchens, No. 2:08–3959–CMC–RSC, 2009 WL 87429, (D.S.C. Jan.13, 2009).  Therefore, to the extent Plaintiff is suing Defendant McBride in her official capacity, she is also entitled to Eleventh Amendment immunity from monetary damages.

**State Law Claims**

Plaintiff also alleges claims for legal malpractice, gross negligence, civil conspiracy, outrage, and negligence under South Carolina law. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint and proposed service documents indicate that all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. See ECF No. 1 at 2, ECF No. 3. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

Courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). However, as Plaintiff has asserted no valid federal claim, this Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

**Recommendation**

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 21, 2015
Charleston, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).