IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Therl Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-1138-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Brooks; Jeanette McBride; | ) | |
| Jane Does; and John Does, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that this action be summarily dismissed without prejudice and without issuance and service of process because Plaintiff's federal claims, brought *pro se*, are plainly without legal merit. (Dkt. No. 10). The Magistrate Judge found that Plaintiff's federal claims against his criminal defense attorney and his staff are not cognizable under 42 U.S.C. § 1983 because such private actors were not operating under color of state law and that the Plaintiff's § 1983 claims against Richland County Clerk of Court Jeannette McBride and her staff are barred by the doctrine of absolute quasi-judicial immunity. (*Id.* at 3-7). Plaintiff has filed objections totaling 14 pages that contain numerous boiler plate statements of law largely irrelevant to the R & R, but he clearly objects to the dismissal of his federal claims on the grounds that his criminal defense attorney and staff were not operating under color of state law and that Clerk of Court McBride and her staff were entitled to absolute quasi-judicial immunity. (Dkt. No. 19). For reasons set forth below, the Court adopts pages 1-8 of the R & R as the order

-1-

of the Court, dismisses Plaintiff's federal law claims, declines to exercise the Court's supplemental jurisdiction over the remaining state tort claims, and dismisses this action without prejudice and without issuance or service of process.

## Legal Standard

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate." 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Where an action is brought *pro se*, the Court is obligated to subject any review of the pleadings to a less strict standard than imposed on parties represented by attorneys and to construe the pleadings liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F. 2d 1147, 1151. However, the Court is obligated to review before docketing any civil action in which a prisoner seeks redress to determine if the pleadings contain cognizable claims and to dismiss claims in which the plaintiff fails to state a claim in which relief can be granted. 28 U.S.C. § 1915A. Thus, the requirement for liberal construction of a *pro se* party's claims does not obligate the Court to ignore the clear failure of a party to state a cognizable claim. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff is serving concurrent sentences for murder (thirty six years) and possession of a

weapon during the commission of a violent crime (five years) after a conviction in state court in 2005. Plaintiff earlier unsuccessfully sought post conviction and habeas relief on the basis of alleged ineffective assistance of counsel. *Taylor v. Warden*, C.A. No. 2:13-2213-RMG, 2014 WL 4721183 (D.S.C. 2014). Plaintiff thereafter filed this civil action alleging federal and state claims against his criminal defense counsel and his staff for alleged deficient representation. The Magistrate Judge recommended that the potential federal claims under § 1983 be summarily dismissed because it is well settled that a criminal defense attorney does not act under color of state law, an essential element for any constitutional claim. *Polk County v. Dodson*, 454 U.S. 312, 317-19 (1981). Plaintiff argues that his attorney and his attorney's staff "trampled" upon his constitutional rights and, as such, acted under color of state law. (Dkt. No. 19 at 4, 10). Notwithstanding Plaintiff's argument, a § 1983 claim can not be brought against a criminal defense attorney or his staff, and the Magistrate Judge was clearly correct when she recommended the dismissal of any such federal claim. (Dkt. No. 10 at 3-5).

Plaintiff further asserts federal claims against the Richland County Clerk of Court Jeanette McBride and members of her staff for failing to file a state court lawsuit. It is well settled that the clerk and other staff member of the Court have a derivative of judicial immunity known as quasi-judicial immunity for alleged actions taken in the course of their court duties. *See Mullis v. United States Bankruptcy Court*, 828 F. 2d 1385, 1390 (9th Cir. 1987); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987); *Abebe v. Propes*, C.A. No. 0:11-1215-MBS, 2011 WL 2581385 (D.S.C. 2011). This doctrine is designed to prevent court staff from being sued by disappointed litigants who "seek to vent their wrath on clerks, court reporters and other judicial adjuncts" because they are barred by judicial immunity from suing judges. *Kincaid v. Vail*, 969

F.2d 594, 601 (7th Cir. 1992). Based on this well settled legal standard, the Magistrate Judge was clearly correct in recommending the dismissal of federal claims against Clerk of Court McBride and her staff. (Dkt. No. 10 at 5-7).

After dismissal of the Plaintiff's federal claims, the only remaining claims asserted are state tort claims against the Defendants. Where a district court has dismissed all pending federal claims, the court "may decline to exercise supplemental jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Having reviewed these state common law claims, the Court hereby exercises its discretion to decline supplemental jurisdiction over the state law claims and dismisses this action without prejudice and without issuance or service of process.

## Conclusion

Based upon the foregoing, the Court (1) **ADOPTS** pages 1-8 of the R & R as the order of the Court; (2) **SUMMARILY DISMISSES** all federal claims against Defendants; (3) **DECLINES** to assert supplemental jurisdiction over the state law claims; and (4) **DISMISSES** this action without prejudice and without issuance or service of process.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

July 13, 2015
Charleston, South Carolina